IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLIE GLAZIER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CASE NO. 1:25-cv-00240-RAH-KFP ) |
| THE CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

# **ORDER**

This lawsuit was filed on March 27, 2025, by Billie Glazier (pro se), individually and on behalf of all others similarly situated. Glazier brings a "public interest action" because of allegedly systemic failures by federal health agencies and medical institutions to properly diagnose, treat, and address parasitic symptoms and fungal and mold-related illnesses affecting a large population of Americans. The original Complaint (doc. 1) named as defendants the Centers for Disease Control, the National Institute of Health, and the Department of Health and Human Services and raised various claims spanning from obstruction of justice to violations of human and constitutional rights. Thereafter, Glazier filed an Amended Complaint (doc. 17) after being ordered (doc. 13) to do so by the assigned Magistrate Judge. That complaint raised the same general theories but added twenty-two additional defendants including multiple medical facilities and medical personnel, the Governor of the State of Alabama, and a sitting Congressman and Senator.

Unprompted, Glazier filed yet another amended complaint (doc. 19), the Second Amended Complaint, on June 13, 2025. This pleading names thirty-six defendants including various medical facilities and personnel located in and outside of Alabama, the Governor, two Congressmen, and a Senator, and brings over thirteen counts. Some of the allegations appear to focus on medical providers' alleged refusal to take seriously Glazier's assertions that she has suffered from an infestation of parasitic organisms that appear to be worm-like larvae and that these refusals are consistent with the medical communities' and government's general abandonment of medical care and the suppression of diagnostic truth, all for the sake of control and profit.

On October 7, 2025, the Magistrate Judge recommended (doc. 21) that the lawsuit be dismissed without prejudice because the Second Amended Complaint (doc. 19) failed to state plausible claims, constituted an improper shotgun pleading for three different reasons, and because Glazier has failed to abide by the Magistrate Judge's Orders. Glazier filed a timely objection on October 22, 2025. (Doc. 23.)

In her objection, Glazier states that circumstances have changed since a person assisting with Glazier's lawsuit has died, that the abusive treatment of her child has persisted to which she is prepared to present medical records, that the Second Amended Complaint is not a shotgun pleading, and that she is now prepared to file a Third Amended Complaint. Glazier goes on to present a host of rhetorical questions. Glazier however does not attach a copy of the proposed Third Amended Complaint.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest*

2

*S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's report and recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a report and recommendation is reviewed for clear error. *Id.*

Despite Glazier's objections, the Court finds no error with the Recommendation of the Magistrate Judge. Glazier has filed three versions of her complaint already and has been given instructions by the Magistrate Judge about the deficiencies with her pleadings. The governing pleading, the Second Amended Complaint, indeed does constitute a shotgun pleading and does not state plausible claims against the Defendants. That Glazier now says she can file a Third Amended Complaint does not rectify the situation, especially since Glazier does not attach a copy of the proposed pleading. As best as this Court can surmise, a proposed Third Amended Complaint will suffer from the same infirmities as the original Complaint, Amended Complaint, and Second Amended Complaint, the last two of which were filed after Glazier was given clear instructions from the Magistrate Judge. As such, the Court finds that any further pleading would be futile. Regardless, the Court need not engage in that endeavor because a copy has not been provided, and in this District, motions for leave to file an amended complaint must be accompanied by the proposed amended complaint. *See* L.R. 15.1.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. The Recommendation of the Magistrate Judge (doc. 21) is accepted and **ADOPTED**;

2. Plaintiff Billie Glazier's Objections (doc. 23) are **OVERRULED**, and the embedded request for leave to file a Third Amended Complaint is **DENIED**; and,

3

3. This lawsuit is **DISMISSED without prejudice**. A separate Final Judgment will issue.

**DONE** and **ORDERED** on this the 21st day of November 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE